*PITTSBURGH, C. C. & St. L. RY. v. WILLIAM B. APPLEGATE

1. **Judgment against Steam Railway for Fire Destruction of Building Adjoining Right of Way from Sparks of Locomotive, Sustained.**

   A judgment against a steam railway company for the value of a building and contents, burned in the night time on land adjoining the company's right of way, will not be set aside on the theory that the fire originated from sparks from a chimney of the building, rather than from a passing locomotive, where the evidence warrants the conclusion that the sparks came from a locomotive and the jury have so found.

*Affirmed, no op., Pittsburgh, C. C. & St. L. Ry. v. Applegate, 90 O. S. 000; 59 Bull. 182.

**2. Interrogatories Requiring Jury to Designate Particular Chimney, on Building, or One of Three Locomotives, Sparks from Which Caused Fire, Held Properly Refused.**

> In an action for recovery of damages on account of a loss so occurring, it is not error to refuse to submit to the jury the second and fourth of the following interrogatories: "(1) Was the fire caused by a spark from one of the chimneys on plain-tiff's house? (2) If you answer 'yes,' state which chimney emitted the spark; (3) Was the fire caused by a spark from one of defendant's locomotives? (4) If you answer 'yes,' state which of the three locomotives emitted the spark?"

**3. Judgment for Damages for Fire Loss, not Set Aside because Amount Recovered Exceeds Estimate by Plaintiff Shortly after Fire.**

> The fact that the amount of the judgment exceeds the amount of the loss as stated by the plaintiff in a letter to the company written soon after the fire, does not afford ground for setting the judgment aside, where evidence detailing the loss and given at the trial supports the finding of the jury as to the amount of loss sustained.

ERROR to common pleas court.

*Maxwell & Ramsey,* for plaintiff in error.

*Louis Hicks, W. A. Hicks, S. A. West* and *E. H. Speidel,* for defendant in error.

**JONES, E. H., J.**

The action was brought by defendant in error to recover damages from plaintiff in error caused by burning of a building and stock of merchandise belonging to defendant in error and located in the village of Branch Hill. The petition alleges that the fire was caused by sparks emitted from a locomotive engine, "operated by said defendant over and upon the said Little Miami railroad, which fell upon and set fire to the said dwelling house and storeroom of said plaintiff," etc. Judgment was recovered below against the railroad company for $4,100, and it is sought by this proceeding in error to reverse said judgment.

By statute a railway company is held liable in this state for damages caused by fire originating upon land adjacent to its right of way, if such fire is ignited by sparks from an engine operating upon such right of way, and it is under this statute that the petition in this case was drawn. To show that the fire was so caused evidence was offered, mainly from the engineers

operating the engines passing Branch Hill on the night of the fire, showing that said engines—particularly two of them which passed just a short time before the fire was discovered—were emitting sparks in great numbers; that the wind carried said sparks in the direction of the Applegate dwelling house and storeroom. Other witnesses testified that the fire started on the side of the roof next to the railroad tracks, and it was also shown that there was no fire on said roof at the time said engines passed.

The defendant below made little or no effort to controvert this testimony, but attempted to and did show that there was a fire in the stove in said store up until 6 or 7 o'clock that evening or within four or five hours of the time that the fire broke out, and that there was a grate fire in the portion of the building occupied as a dwelling upon which fire fuel was placed as late as 7 o'clock on said evening. From this evidence the jury was asked to draw the deduction that a fire may have ignited from one of these sources; but they refused to do so, and must have been satisfied from the evidence that the fire originated from the sparks thrown by the engine. This was a question of fact which the jury alone was to determine.

We think, therefore, that the verdict is sustained by the evidence, and must decline to reverse the judgment on that ground as requested by plaintiff in error. The authorities cited by counsel for the railway company, we think, do not support the contention that the verdict was not sustained by the evidence in this case, as in those cases negligence was alleged and had to be proven. In this case the only proof necessary to establish the liability of the defendant was that the fire originated from the sparks of the engine.

Another alleged error was the refusal of the court to submit to the jury interrogatories 2 and 4. The court agreed to submit interrogatories 1 and 3 to the jury, but upon his refusal to submit 2 and 4 the former were withdrawn and exceptions noted.

The interrogatories were as follows:

"1. Was the fire caused by a spark from one of the chimneys of plaintiff's house?

Railway v. Applegate.

"2. If you answer 'yes,' state which chimney emitted the spark.

"3. Was the fire caused by a spark from one of defendant's locomotives?

"4. If you state 'yes,' state which of the three locomotives emitted the spark."

The court properly refused to give the second and fourth interrogatories. It was not necessary for the jury to find which chimney it was, as their affirmative answer to the first interrogatory would be decisive of the case and compel a verdict for the defendant. With reference to interrogatory No. 4 a like objection occurs to us: if the jury should answer No. 3 in the affirmative, the railroad company would be liable regardless of what the number of the particular engine was which emitted the spark, and as the evidence showed that at least two of the engines passed the property just a short time before the fire, throwing sparks in the direction of the house, it would obviously be impossible for the jury to tell which one it was. We think it was as unnecessary as it was impossible for them to answer this question, for the reason that if they answered No. 3 in the affirmative, that answer would conclusively fasten liability on the defendant company.

It is also urged that this judgment should be set aside for the reason that it exceeds in amount the loss as stated by Mr. Applegate in a letter written to the company shortly after the fire. In view of Mr. Applegate's evidence given at the trial, detailing his loss, and the finding of the jury thereon, we do not feel that his letter written shortly after the fire should be given the weight or have the effect contended for by counsel.

The portion of the charge of the court objected to follows, in substance, the law as laid down by our Supreme Court in the case of *Lawrence Ry. v. Cobb*, 35 Ohio St. 94.

Finding no error in the record, the judgment of the lower court should be affirmed.

**Swing** and **Jones, JJ.**, concur.